**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**TERRY HOOVER, ET AL.**                                    **CIVIL ACTION NO.**

**VERSUS**                                                       **21-47-BAJ-EWD**

**ACE AMERICAN INSURANCE**
**COMPANY, ET AL.**

**TELEPHONE CONFERENCE REPORT AND RECOMMENDATION**

A telephone status conference was held before Magistrate Judge Erin Wilder-Doomes in

this matter on February 17, 2021:

    PRESENT:   Travis L. Williams              Jennifer L. Simmons
               Counsel for plaintiffs,          Counsel for defendants,
               Terry Hoover, *et al.*           Ace American Insurance
                                                Company, *et al.*

The parties discussed the pending Motion to Remand ("Motion"),[1] filed by Plaintiffs Terry

and Darryl Hoover ("Plaintiffs).  Counsel for Defendants Ace American Insurance Company, SE

Independent Delivery Services, Inc., and Quintarious Walker confirmed that Defendants do not

object to remand in light of the binding stipulation executed by Plaintiffs.[2]  Although the parties

may neither consent to nor waive federal subject matter jurisdiction,[3] a post-removal stipulation

can be considered where, as here, the amount in controversy was ambiguous in the initial

pleadings.[4]

---

[1] R. Doc. 74.
[2] R. Doc. 6-1, pp. 5-6.
[3] *See Chauvin v. Symetra Life Ins. Co.*, 422 F.Supp.3d 1145, (E.D. La. Oct. 31, 2019) (*citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).
[4] *Espinoza v. Allstate Texas Lloyd's*, 222 F.Supp.3d 529, 538 (W.D. Tex. Nov. 23, 2016) (*citing Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, (5th Cir. 2000) and *Chavez v. State Farm Lloyd's*, No. 15-cv-487, 2016 WL 641634, at *3 (S.D. Tex. Feb. 18, 2016).  Here the Notice of Removal merely relies on boilerplate allegations of damages in the Petition, two cases from which it is not clear that the same types of injuries and treatment were at issue, and the lack of a stipulation that damages are less than $75,000.  This information is not sufficient to establish that amount in controversy is facially apparent nor met by a preponderance of the evidence.  *See Ogan v. Tardif*, No. 21-16, 2021 WL 96251 (M.D. La. 1/11/21).

2

In light of the ambiguity regarding amount in controversy in the Petition, the binding post-removal stipulation executed by the Plaintiffs, and defense counsel's representation during the telephone conference that Defendants do not object to remand,

**IT IS RECOMMENDED** that the Motion to Remand,[5] filed by Plaintiff Terry and Darryl Hoover, be **GRANTED** and this matter **REMANDED** to the Twenty-First Judicial District Court, Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on February 17, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] R. Doc. 6.

2